# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**CHERYL GEIGER,**

    **Plaintiff,**

**vs.**                                                   **CASE NO. 4:20-CV-00321-MAF**

**KILOLO KIJAKAZI, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**

    **Defendant.**
**_____/**

## MEMORANDUM OPINION AND ORDER

This action was initiated under the Social Security Act to obtain judicial review of Defendant's final decision denying Plaintiff's claim for disability benefits. ECF No. 1. Defendant filed a motion to remand pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 27. Defendant does not certify under N.D. Fla. Loc. R. 7.1 that Plaintiff has no objection to this motion but presents the motion as "unopposed." Id., p. 1.

Sentence four of section 405(g) states that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The

Commissioner states that a remand is appropriate to enable an administrative law judge to

> further evaluate the case and issue a new administrative decision. Upon remand, the Appeals Council will instruct the ALJ to offer the claimant the opportunity for a hearing; as needed, obtain evidence from a medical expert; further evaluate the medical source opinions (in particular, the opinion of the state agency medical consultant, Dr. Loc Kim Le), reassess the residual functional capacity, obtain vocational expert evidence as warranted, and issue a new decision. On remand, the Administrative Law Judge should apply the prior medical evidence rules.

ECF No. 27, pp. 1-2. Based upon the foregoing, this Court concludes that good cause has been shown for remand.

Accordingly, it is **ORDERED**:

1. Defendant's motion to remand, ECF No. 27, is **GRANTED** and the Commissioner's decision denying benefits be **REVERSED**.

2. This case is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

3. Defendant shall conduct proceedings in accordance with this Memorandum Opinion and Order.

4. The Clerk of Court shall enter final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

5. The Clerk of Court shall administratively close this file.

IN CHAMBERS at Tallahassee, Florida, on October 7, 2021.

                **s/ Martin A. Fitzpatrick**
                **MARTIN A. FITZPATRICK**
                **UNITED STATES MAGISTRATE JUDGE**